## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YASIN KNIGHT<br>7 South Broadway, Apt. B<br>Pennsville, NJ 08070 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No. _____ |
| v. | : <br> : | |
| MISSION PRODUCE, INC.<br>1109 Commerce Blvd.<br>Swedesboro, NJ 08085 | : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendant. | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.     This action has been initiated by Yasin Knight (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) against Mission Produce, Inc. (*hereinafter* referred to as "Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII" - 42 U.S.C. §§ 2000d *et. seq.*), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" - 42 U.S.C. § 1981) and the New Jersey Law Against Discrimination ("NJ LAD"). As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

## JURISDICTION AND VENUE

2.     This Court may properly maintain jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co v. State of Washington, 326 U.S. 310 (1945) and its progeny.

3.     This action is initiated pursuant to a federal law.  The United States District Court for the District of New Jersey has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.  This Court has supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

4.     Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5.     Plaintiff exhausted his administrative remedies because he timely filed Charges with the Equal Employment Opportunity Commission (EEOC) and now files the instant lawsuit within ninety (90) days of receiving a right-to-sue letter and/or notices of case closure from the EEOC.

**PARTIES**

5.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.     Plaintiff is an adult male residing at the above-captioned address.

7.     Defendant Mission Produce Inc. ("Defendant") is an international, publicly-traded corporation with locations throughout the United States, including the location at which Plaintiff worked in Swedesboro, NJ.

8.     At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## **FACTUAL BACKGROUND**

9.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

10.     Plaintiff is a black (African-American) male.

11.     Plaintiff was employed with Defendant, at its Swedesboro, NJ facility for approximately one (1) year and was a dedicated and hard-working employee.

12.     While employed with Defendant, Plaintiff worked in Defendant's bagging department, performing primarily Forman duties.

13.     During his employment with Defendant, Plaintiff was primarily supervised by one, Paul Santos (Hispanic).

14.     While under the supervision of Santos, Plaintiff was treated in a discriminatory and disparate manner because of his race. For example, unlike Plaintiff's non-black co-workers, Plaintiff was treated in a rude and demeaning manner, had policies selectively enforced against him, refused help/training when requested, given less favorable work assignments, and generally treated less favorably than his non-black co-workers.

15.     Plaintiff complained about the discriminatory treatment that he was being subjected to on a consistent basis to Defendant's management, including but not limited to Tom Krammer (Warehouse Manager) and Sean Singer (Supervisor).

16.     Rather than properly investigating or resolving Plaintiff's aforementioned concerns of racial discrimination, Defendant's management subjected Plaintiff to further harassment and animosity, including but not limited to issuing him a pretextual written warning for being tardy (nearly two months after he was allegedly tardy).

17.      On or about June 2, 2016, after making multiple complaints of race discrimination to Defendant's management (with his last complaint being just a few weeks before his termination) and after being subjected to hostility because of his race and complaints of race discrimination, Plaintiff was terminated from his employment for completely pretextual reasons.

18.      In Plaintiff's termination meeting, he was accused of asking another co-worker for medication. When Plaintiff denied asking another co-worker for medication, Defendant then began to accuse him of harassing another co-worker. Ultimately, Defendant informed Plaintiff that he was being terminated for sending a text message to another co-worker, who he was supposed to provide a ride to earlier that week.

19.      Upon information and belief, Plaintiff was terminated because of his race and/or in retaliation for complaining of race discrimination.

**Count I**
**Violations of 42 U.S.C. § 1981**
**(Race Discrimination & Retaliation & Hostile Work Environment)**

20.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

21.      Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

22.      Defendant's management's harassment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent that Plaintiff had to complain to higher level managers on several occasions in advance of his termination from Defendant.

23.      Despite Plaintiff's complaints of race discrimination, Defendant's management failed to properly investigate or resolve Plaintiff's complaints of discrimination.

24.     Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was subjected to further harassment and animosity.

25.     Upon information and belief, Plaintiff was issued pretextual discipline and ultimately terminated from Defendant because of his race and/or because he complained of race discrimination occurring within Defendant.

26.     These actions as aforesaid constitute unlawful discrimination, retaliation, and a hostile work environment under the 42 U.S.C. §1981.

## Count II
## Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")
### (Race Discrimination & Retaliation & Hostile Work Environment)

27.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

28.     Plaintiff properly exhausted his administrative remedies before proceeding in this Court for violations of Title VII by timely filing a Charge with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant Complaint within 90 days of receiving a notice of case closure and/or right-to-sue letter.

29.     Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

30.     Defendant's management's harassment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent that Plaintiff had to complain to higher level managers on several occasions in advance of his termination from Defendant.

31.     Despite Plaintiff's complaints of race discrimination, Defendant's management failed to properly investigate or resolve Plaintiff's complaints of discrimination.

32.     Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was subjected to further harassment and animosity.

33.     Upon information and belief, Plaintiff was issued pretextual discipline and ultimately terminated from Defendant because of his race and/or because he complained of race discrimination occurring within Defendant.

34.     These actions as aforesaid constitute violations of Title VII.

**Count III**
**Violation of Title VII of the New Jersey Law Against Discrimination ("NJ LAD")**
**(Race Discrimination & Retaliation & Hostile Work Environment)**

35.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36.     Plaintiff was subjected to a hostile work environment during his period of employment due to his race and/or complaints of race discrimination through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment towards him.

37.     Defendant's management's harassment of Plaintiff was severe and pervasive and interfered with Plaintiff's work to the extent that Plaintiff had to complain to higher level managers on several occasions in advance of his termination from Defendant.

38.     Despite Plaintiff's complaints of race discrimination, Defendant's management failed to properly investigate or resolve Plaintiff's complaints of discrimination.

39.     Instead of investigating Plaintiff's aforesaid complaints of race discrimination, Plaintiff was subjected to further harassment and animosity.

40.     Upon information and belief, Plaintiff was issued pretextual discipline and ultimately terminated from Defendant because of his race and/or because he complained of race discrimination occurring within Defendant.

41.     These actions as aforesaid constitute violations of the NJ LAD.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement, and seniority.

B.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future;

C.     Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate (including but not limited to damages for emotional distress / pain and suffering);

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By: _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: November 30, 2016

7